UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD WAYNE CUPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:10cv0498 DJS |
| ) | TCM |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending in this pro se 42 U.S.C. § 405(g) action for judicial review of an adverse decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), regarding the application of Ronald Wayne Cupp ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, is the Commissioner's motion to dismiss. The case is before the undersigned United States Magistrate Judge for a review and recommended disposition. See 28 U.S.C. § 636(b).

### Background

Plaintiff's application for DIB, alleging a disability as of December 2, 1971, was denied by Administrative Law Judge (ALJ) Myron D. Mills on October 17, 1995.[1] (Pl. Ex. A; Herbst Decl. ¶ (3)(a).) In his adverse decision, the ALJ referred to Plaintiff as being represented by

---

[1] Plaintiff was apparently granted supplemental security income (SSI) benefits on the grounds he currently had a severe impairment and was unable to work. (See Pl. Mem. at 8, Pl. Ex. A at 2; see also Pl. Compl. Ex. P, Cupp v. Astrue, No. 4:08cv0412 DJS.) The period at issue in his DIB application was from December 1971 to March 1976. (Pl. Ex. A at 3.)

William B. Beachum, "attorney at law." (Pl. Ex. A at 1.) The same day, the ALJ sent a copy of his decision to the Claims Processing Component of the Social Security Administration (SSA). (Pl. Ex. C.) "Non-Attorney Representation" is included in the remarks section of the transmittal page. (Id.)

Plaintiff requested review of the ALJ's decision by the Appeals Council. (Herbst Decl. ¶ (3)(a).) On April 10, 1997, the Appeals Council denied his request, thereby adopting the ALJ's decision as the final decision of the Commissioner.[2] (Id.)

Plaintiff filed the instant action on March 24, 2010.

The Commissioner moves to dismiss on the grounds that Plaintiff filed his complaint well after the sixty-day deadline set forth in 42 U.S.C. § 405(g). Plaintiff counters that equitable tolling excuses his late filing because Beachum was not an attorney, as he and the ALJs[3] assigned to his case were led to believe; that the ALJs and the Appeals Council misled him into believing that Beachum was an attorney, thereby denying Plaintiff due process of law; and that the ALJ's decision was flawed because he did not properly evaluate Plaintiff's credibility under the criteria of Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir. 1984) (subsequent history omitted), or properly weigh the opinions of Plaintiff's treating physician. In support of his position, Plaintiff submits a copy of the ALJ's decision referring to Beachum as an "attorney at

---

[2]The Court notes that the Appeals Council's decision was submitted by Plaintiff as an exhibit to a previous § 405(g) action. See Cupp v. Astrue, No. 4:08cv0412 DJS (Pl. Compl. Ex. I.).

[3]James E. Craig was listed on a notice of hearing as the ALJ that would hear Plaintiff's case. (See Pl. Ex. B.) At some point, ALJ Mills was assigned, and eventually heard and determined his case.

law"; of the notice of hearing indicating that a copy was sent to Beachum, "Attorney at Law"; and of the appointment of representative form signed by him and Beachum.[4] (Pl. Exs. A, B, and D.) Beachum signed this latter form as a "National Service Officer, Disabled American Veterans."[5] (Pl. Ex. D.) Plaintiff avers that Beachum signed the form after he did. (Pl. Decl. ¶ (4).) He copied this form after the June 1995 hearing. (Id.) He found out Beachum was not an attorney in 2001. (Id. ¶ (7).) He further avers that he thought he had had a fair hearing because Beachum was an attorney. (Id. ¶ (9).) He was not informed that he could be represented by an attorney if he wished. (Id. ¶ (8).)

## Discussion

"The Social Security Act establishes a mechanism for judicial review of final administrative decisions. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

**Bess v. Barnhart**, 337 F.3d 988, 989 (8th Cir. 2003) (per curiam) (quoting § 405(g)). This sixty-day limit is a condition on the waiver of sovereign immunity which must be strictly construed. **Bowen v. City of New York**, 476 U.S. 467, 479 (1986). In "rare case[s]," the sixty-

---

[4]Other exhibits submitted by Plaintiff are copies of his medical records.

[5]The appointment of representative form signed by Beachum is SSA-1696, identified in the regulations as an appointment form to be used by a "person other than an attorney authorized by a claimant to act for him in a claim . . . ." 20 C.F.R. § 422. A claimant may appoint someone other than an attorney to act for him or her in a claim. See 20 C.F.R. §§ 416.500, 416.1506.

day limit may be equitably tolled.  **Id.** at 480, 481.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" **Burns v. Prudden**, 588 F.3d 1148, 1150 (8th Cir. 2009) (quoting Riddle v. Kemna , 523 F.3d 850, 857 (8th Cir. 2009)); accord **Firstcom, Inc. v. Qwest Corp.**, 555 F.3d 669, 675 (8th Cir. 2009).  "[E]quitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent."  **Turner v. Bowen**, 862 F.2d 708, 710 (8th Cir. 1988).  Such circumstances do not include ignorance of one's legal rights.  **Id.**  Thus, "'[e]quitable tolling is an exceedingly narrow window of relief.'" **Finch v. Miller**, 491 F.3d 424, 427-28 (8th Cir. 2007) (quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)).

It is not a window that is open for Petitioner.  In his previous § 405(g) action also challenging the 1997 denial of his DIB application, see note 2, supra, he submitted a copy of the Appeals Council's letter advising him of the sixty-day limitation for bringing a civil action.  In his memorandum in support of his complaint filed in March 2008 he cited several times the discrepancies in references to Beachum as an attorney or as a non-attorney representative.  (See Pl. Compl. Ex. D, Cupp, No. 4:08cv0412 DJS (E.D. Mo. March 26, 2008)).  In his memorandum in opposition to a motion to dismiss his 2008 action, he presented issues similar to the ones he now presents.  Plaintiff did not, however, file any objections to the report and recommendation noting that Plaintiff had *not* alleged that the doctrine of equitable tolling should apply and recommending that his 2008 action be dismissed as untimely.  Yet, twenty-three

months later, faced with a motion to dismiss this 2010 action as untimely, Plaintiff argues that circumstances he was aware of at least by 2001 – Beachum not being an attorney – should satisfy a doctrine he had been aware of at least by August 2008. Clearly, Plaintiff has failed to establish the diligence requirement of the doctrine of equitable tolling. His pending action should be dismissed as untimely. See **White v. Sullivan**, 901 F.2d 94, 95 (8th Cir. 1990) (per curiam) (holding that district court improperly reviewed merits of disability benefit termination when complaint for judicial review was filed more than four years after decision and at no time did the Commissioner reopen the case and reconsider the merits).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the motion of Michael J. Astrue, Commissioner of Social Security, to dismiss this action be **GRANTED**. [Doc. 7]

The parties are advised that they have **fourteen (14)** days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of October, 2010.